UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KENT CHAPLIN,

        Petitioner,

                                                CASE NO. 2:19-CV-12205
v.                                         HONORABLE SEAN F. COX

CATHERINE BAUMAN,

        Respondent.
_____/

**OPINION AND ORDER STAYING PROCEEDINGS
AND ADMINISTRATIVELY CLOSING CASE**

**I. INTRODUCTION**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner David Kent Chaplin ("Petitioner") was convicted of one count of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d, and one count of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520e, following a jury trial in the Oakland County Circuit Court. He was sentenced to concurrent terms of four years seven months to 15 years imprisonment and one to two years imprisonment in 2016. Petitioner was released on parole on July 14, 2020. *See* Offender Profile, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=972233. In his pro se pleadings, he raises claims concerning the conduct of the prosecutor, the conduct of the trial judge, the effectiveness of trial and appellate counsel, the jury selection process, and his speedy trial rights. For the reasons set forth herein, the Court concludes that Petitioner has not exhausted state court remedies as to several of his habeas claims and that a stay of these proceedings is warranted to allow him to do so.

## II.  PROCEDURAL HISTORY

Petitioner's convictions arise from the sexual assault of his step-daughter.  The Michigan Court of Appeals described the relevant facts, which are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> The instant case arose from defendant's sexual abuse of his stepdaughter, S.A., from the time she was in the eighth grade through her senior year in high school. Defendant married the complainant's mother, Beth Chaplin, in the summer of 2008, when S.A. was about 12 years old. S.A. lived with defendant and Beth in a house in Oakland Township. The complainant testified at trial that defendant began inappropriately touching her when she was in the eighth grade. He would put his arm between her breasts as they sat together on the couch. The sexual abuse progressed to touching and squeezing her buttocks and touching her breasts both over and under her clothes. By her twelfth grade year, defendant had engaged in multiple acts of digital penetration and cunnilingus with S.A. S.A. further testified that the sexual assaults usually occurred at home while her mother was at work or had gone to bed for the night. In 2014, S.A. told her boyfriend about the abuse, which ultimately led to a police investigation. The case proceeded to trial, and defendant was convicted of one count each of CSC III and CSC IV....

*People v. Chaplin*, No. 331190, 2017 WL 2130265, *1 (Mich. Ct. App. May 16, 2017) (unpublished).

Following his convictions and sentencing, Petitioner, through counsel, filed an appeal of right with the Michigan Court of Appeals asserting that:  (1) the trial court abused its discretion in denying his request to introduce certain evidence, including expert testimony; (2) the trial court abused its discretion in admitting other acts evidence; (3) trial counsel was ineffective for failing to call character witnesses, for allowing a potential character witness to remain in the courtroom in violation of the sequestration order such that she was precluded from testifying, and for convincing him to waive his right to testify at trial; and (4) the trial court erred in scoring the state sentencing guidelines.  Petitioner also filed a supplemental pro per brief asserting that:  (1) prosecution witnesses provided false testimony and colluded with the prosecution; (2) trial counsel was

ineffective for failing to object to the alleged false testimony; (3) witnesses engaged in fraud upon the court; (4) the police engaged in misconduct during their investigation and testimony; and (5) the police improperly questioned the victim. The Michigan Court of Appeals denied relief on those claims and affirmed Petitioner's convictions and sentences. *Id*. at *1-6. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Chaplin*, 501 Mich. 982, 907 N.W.2d 568 (March 5, 2018). Petitioner also filed a motion for reconsideration, which was denied. *People v. Chaplin*, 501 Mich. 1063, 910 N.W.2d 257 (May 1, 2018).

Petitioner postmarked his federal habeas petition on July 24, 2019. He raises the following claims: (1) the prosecutor committed misconduct by colluding with witnesses, failing to correct false testimony, suppressing exculpatory testimony, and making inflammatory remarks in closing argument, in violation of the Sixth and Fourteenth Amendments; (2) the trial judge exhibited bias and committed structural error through her rulings on objections and the admission of evidence and her failure to enforce an order directing the parties to refer to the victim as the complainant, in violation of the Sixth and Fourteenth Amendments; (3) trial counsel rendered ineffective assistance by failing to call character witnesses and others at trial, adequately cross-examine witnesses, object to perjury and other matters, make adequate objections, move to strike a prospective juror for cause, and object to judicial fact-finding that raised his minimum sentence, in violation of the Sixth Amendment; (4) appellate counsel rendered ineffective assistance by failing to raise most of the aforementioned issues on appeal, in violation of the Sixth Amendment; (5) the jury was not selected from a fair cross-section of the community, in violation of the Sixth Amendment; and (6) his right to a speedy trial was violated by the 17-month delay between the victim's initial contact with the

police and the trial, in violation of the Sixth Amendment.

This Court initially dismissed this case without prejudice due to Petitioner's failure to pay the filing fee or to submit an application to proceed in forma pauperis initially and in response to the Court's deficiency order. Petitioner appealed to the United States Court of Appeals for the Sixth Circuit, which remanded the case to this Court for further consideration. The Court shall thus disregard the filing fee deficiency and proceed to review the case.

### III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all available state court remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts, including both the Michigan Court of Appeals and the Michigan Supreme Court, to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner admits that he has not fully exhausted state court remedies as to all of his habeas

claims. The record indicates that he did not raise portions of his prosecutorial misconduct, judicial misconduct, and ineffective assistance of trial counsel claims in the state courts and did not raise his ineffective assistance of appellate counsel, jury selection, and speedy trial claims in the state courts before proceeding on habeas review. Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160.

While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). Exhaustion may be excused if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988). A federal habeas court also has discretion to consider an unexhausted claim if it is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state court remedies).

In this case, Petitioner has available remedies in the Michigan courts by which to exhaust his unexhausted claims before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted issues in the state appellate courts as necessary. His unexhausted claims should first be addressed to, and considered by, the Michigan courts. Otherwise, this Court is unable

to apply the standard found at 28 U.S.C. § 2254.

Petitioner contends that exhaustion would be futile because he experienced difficulty/delays in obtaining transcripts from the state trial court and believes that he cannot get a fair hearing on his claims due to the court's handling of his case. Petitioner, however, fails to show that pursuing a motion for relief from judgment in the state courts would, in fact, be futile. To be sure, Petitioner was able to file his federal habeas petition raising all of his claims with the materials in his possession, and there is no constitutional right to transcripts on collateral review of state criminal proceedings. *See United States v. MacCollom*, 426 U.S. 317, 323-24 (1976). Additionally, Petitioner neither alleges nor establishes that he has been unable to file a motion for relief from judgment in the state trial court, nor does he allege sufficient facts to show that such a motion, if filed, would not be reviewed by the state courts in a judicious manner. *Cf. Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005) (exhaustion requirement excused where claims were wrongfully ignored by the state courts); *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (exhaustion requirement excused where post-conviction request for relief languished in state court for more than three years); *see also Pillette v. Foltz*, 824 F.2d 494, 498 (6th Cir. 1987) (exhaustion was not futile merely because state court rejected petitioner's request for counsel where there was no indication that petitioner had previously sought post-conviction relief or that state court would refuse to consider such a motion). Petitioner must exhaust his available state court remedies as to all of his habeas claims before proceeding in federal court.

A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance

is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277. In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

In this case, Petitioner has the need for a stay. He raises several claims which have not been presented to the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), may pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies as Petitioner appears to have submitted his pleadings with only a few days remaining before the expiration of the one-year period. Petitioner raises a claim of ineffective assistance of appellate counsel, which arguably may provide good cause for his failure to raise the unexhausted claims on direct appeal. Lastly, the Court finds that at least some of the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. The Court shall therefore hold the exhausted claims in the habeas petition in abeyance and

stay the proceedings pending Petitioner's exhaustion of state court remedies as to the unexhausted claims.

### IV. CONCLUSION

Accordingly, the Court holds the exhausted claims in the habeas petition in abeyance. These proceedings are stayed. The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within 30 days of the filing date of this order by filing a motion for relief from judgment with the state trial court and then pursuing appeals as necessary. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend the petition, using the same caption and case number, within 30 days of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, the case may be dismissed. This case is closed for administrative purposes pending compliance with these conditions.

Lastly, should Petitioner wish to forego pursuit of the unexhausted claims and to proceed only on the fully exhausted claims contained in his habeas petition, he may move to reopen this case to proceed on an amended petition containing only the exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of Petitioner's claims.

**IT IS SO ORDERED.**

s/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: October 13, 2020