UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KENT CHAPLIN, #972233,

        Petitioner,

v.                                      CASE NO. 2:19-CV-12205
                                      HONORABLE SEAN F. COX

CATHERINE BAUMAN,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS
## FOR RECUSAL AND FOR RELIEF FROM JUDGMENT

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner David Kent Chaplin ("Petitioner") was convicted of one count of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d, and one count of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520e, following a jury trial in the Oakland County Circuit Court. He was sentenced to concurrent terms of four years seven months to 15 years imprisonment and one to two years imprisonment in 2016. Petitioner was released on parole on July 14, 2020. *See* Offender Profile, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=972233. In his pro se pleadings, he raises claims concerning the conduct of the prosecutor, the conduct of the trial judge, the effectiveness of trial and appellate counsel, the jury selection process, and his speedy trial rights. ECF No. 1. On October 13, 2020, the Court stayed this case to allow Petitioner to properly exhaust state court remedies as to all of his habeas claims. ECF No. 17. The matter is now before the Court on Petitioner's motions for judicial recusal and for relief from judgment, both filed on November 13, 2020. ECF Nos. 18, 19.

### I. Motion for Recusal

Petitioner seeks judicial recusal in this case because he believes that the Court is biased against him due to its handling of this habeas case. Disqualification or recusal of a district judge is governed by 28 U.S.C. § 455. Subpart (a) of that statute provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see generally Liteky v. United States*, 510 U.S. 540 (1994). Subpart (b) of that statute provides, in relevant part, that a district judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party. . . ." 28 U.S.C. § 455(b)(1). This standard is objective and is not based upon the subjective view of the party seeking recusal. *United States v. Dandy*, 998 F.3d 1344, 1349 (6th Cir. 1993).

Petitioner alleges judicial bias based upon the Court's rulings in this case. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Petitioner fails to show that the Court's handling of this case demonstrates such a deep-seated antagonism. He fails to establish that a reasonable person would find that prejudice or bias exists or to otherwise present facts to support recusal or disqualification. *See Burton v. Jones*, 321 F.3d 569, 577 (6th Cir. 2003). He merely dislikes the Court's handling of his case. The Court, however, has bypassed the filing fee requirement in accordance with the Sixth Circuit's order and stayed the case (without ruling on the merits of the habeas claims) to allow Petitioner to properly exhaust his claims in the state courts. Petitioner disagrees with the Court's enforcement of the exhaustion requirement. Such a complaint provides no basis for recusal. Accordingly, the Court **DENIES** Petitioner's motion for recusal.

## II. Motion for Relief from Judgment

Petitioner also seeks relief from the Court's order staying this case because he disagrees with the Court's enforcement of the exhaustion requirement and believes that exhaustion in the state courts would be futile. Petitioner bring his motion pursuant to Federal Rule of Civil Procedure 60(b)(6). That rule provides that a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Petitioner is not entitled to relief under Rule 60(b) because the Court's order staying this case is not a final judgment or order. Nonetheless, he fails to show that the Court erred in enforcing the exhaustion requirement and staying this case, or that he is otherwise entitled to relief under Rule 60(b)(6).

Petitioner essentially seeks reconsideration of the Court's decision to enforce the exhaustion requirement and stay this case. A motion for reconsideration, however, must be filed within 14 days after entry of the judgment or order at issue. Local Rule 7.1(h)(1). The Court issued its stay order on October 13, 2020 and Petitioner filed his motion for relief from judgment on November 13, 2020 – well after the established time limit expired. Any request for reconsideration is therefore untimely and must be denied. Moreover, a request for reconsideration which presents issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. *See Hence v.*

*Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Such is the case here. The Court found that Petitioner has available state court remedies to exhaust his claims, determined that exhaustion would not be futile, and stayed the case to allow him to return to the state courts to exhaust his remedies. Petitioner fails to meet his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3). Accordingly, the Court denies Petitioner's motion for relief from judgment. This case remains stayed.

**IT IS SO ORDERED**.

                                                  s/Sean F. Cox
                                                  SEAN F. COX
                                                  UNITED STATES DISTRICT JUDGE

Dated: November 17, 2020